CASE 79—PETITION ORDINARY—October 29.

# Ingalls v. Hart Hardware Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

DAMAGE RESULTING FROM FAILURE TO REMOVE DEBRIS AFTER TORNADO. —Where a tornado has caused general destruction of life and property in a city, one upon whose house and goods the building of his neighbor has fallen, if he can recover at all for the damage suffered by the delay of his neighbor to remove the debris, must, in order to do so, distinctly allege that the defendant, after notice to remove it, could, by the use of reasonable diligence, have done so.

JAMES E. GAITHER FOR APPELLANT.

The appellee should have removed the debris thrown upon the house and goods of appellant by the cyclone when they were notified so to remove it, and from the injury resulting to appellant's goods from the delay in doing this appellee is liable.

RANDOLPH H. BLAIN FOR APPELLEE.

1. The question of negligence is one of mingled law and fact to be decided as a question of law by the court when the facts are undisputed. (Wharton on Negligence, sec. 420; Dolfinger & Co. v. Fishback, 12 Bush, 480.)

2. To constitute negligence there must have been a violation of some duty

Ingalls v. Hart Hardware Company.

arising from contract, from statute or from the relation of the parties. (Smith on Negligence, p. 2.)

3. The bricks thrown on appellant's property by the act of God rest and remain there as a consequence of the original act, which is the proximate cause of the injury; and as appellee is not responsible for the original act it is not responsible for the consequences on the simple ground of ownership. (Addison on Torts, 375; Sutherland on Damages, vol. 3, pp. 364 and 403; Damron v. Roach, 4 Humph., 134; Cumberland & Co. v. Hitchings, 65 Me., 140; Lapline v. Morgan, 1 L. R. A., 378; Flori v. City of St. Louis, 69 Mo., 341.)

4. Even if it was appellee's duty to remove the debris it could not be required to do so instantly; it was entitled to a reasonable time, and less than four days was not a reasonable time. (L. & N. R. Co. v. Tippenhauer, 10 Ky. Law Rep., 401.)

5. Unless the doctrine of *respondeat superior* is made to apply there is no liability on the part of one person for another. (Robinson v. Webb, 11 Bush, 474.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

March 27, 1890, a great tornado passed over the city of Louisville, Ky., sweeping away hundreds of large and magnificent houses, killing and bankrupting many persons and depriving them of house and home.

It is alleged that the appellee's large five-story brick business building was blown down and fell on the adjoining lot and business house of the appellant, causing great damage to his house and goods therein, and causing increased damage to the same by reason of the fact that the debris of said brick building remained on said house and goods for four days. It is for the latter injury that the appellant claims damages. The court sustained a demurrer to the petition and amended petition. The appellant has appealed.

The petition and amended petition allege in substance that the appellee "willfully, wrongfully, carelessly and without right refused and neglected to remove" the debris from off said property for four days, although he was

notified to do so, whereby appellant sustained damage in addition to that caused by the fall of the building.

Now, it is to be observed that the strong expressions quoted are not equivalent to the charge that the appellant was able to remove said debris within four days and could have done so by the use of reasonable diligence. We think that in a great disaster like that one described in the petition, involving all in its path and wrecking their property, fortunes and lives, it ought to clearly and distinctly appear, before one should be held responsible in damages for not removing the debris, if not removing it be actionable at all, that he was able to remove it and could have removed it by the use of reasonable diligence after notice to remove it. This does not appear in the petition.

The judgment is affirmed.